IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT CATHCART,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.
                                          /

No. C 08-03784 WHA

**ORDER RE MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**

Represented by counsel, plaintiff Scott Cathcart brought this action on August 7, 2008, to obtain a refund of what he claims were erroneously imposed tax penalties he paid the IRS. An automatic stay of this matter has been in effect since November 10, 2008, due to plaintiff's bankruptcy. Attorneys Daniel B. Rosenbaum and Matthew C. Hicks of Caplin & Drysdale and David B. Porter of Wood & Porter move to withdraw as counsel for plaintiff pursuant to Local Rule 11-5. This motion is not accompanied by the simultaneous appearance of substitute counsel. Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the parties to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the clients appear by other counsel or *pro se.* Civil L.R. 11-5(b).

Attorneys Hicks and Porter state in their brief that they seek to withdraw because plaintiff has breached his agreement to pay their expenses and fees (Br. at 1–2). They state that

plaintiff "knowingly and freely assents to termination of their employment," intends to proceed *pro se*, and would like future papers to be served on him directly. They further state that they have given counsel for defendant written notice of their intent to withdraw and that defendant does not object to their withdrawal. However, they do not include any sworn declaration in support of their brief.

A hearing will be held on this motion on **MARCH 11, 2010, AT 8:00 A.M.** It is more likely that this motion will be granted if substitute counsel are present. Existing counsel of record should be prepared to explain why they launched this lawsuit and why they should not be required to see it through to the end.

**IT IS SO ORDERED.**

Dated: February 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2